UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GARLAND RAY GREGORY, JR., | ) | Civ. 13-4069-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| DARIN YOUNG, Warden; and ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, | ) ) ) | AND DISMISSING CASE |
| | ) | |
| Respondents. | ) | |

Petitioner, Garland Ray Gregory, Jr., is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Gregory filed a pro se motion for relief pursuant to Federal Rule of Civil Procedure 60(b). Docket 1. Shortly thereafter, the Clerk of Courts notified Gregory that his motion would be construed to be a motion for relief pursuant to 28 U.S.C. § 2254. Docket 4. In response, Gregory filed a motion to change the case type from a § 2254 to a motion for relief under Rule 60(b). Docket 5.

The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Gregory's § 2254 petition. On July 8, 2013, Magistrate Judge Simko issued a report and recommendation for the disposition of Gregory's § 2254 petition. Docket 6. Gregory filed timely objections to the report and recommendation on

July 16, 2013. Docket 7. For the reasons set forth herein, the court adopts Magistrate Judge Simko's report and recommendation.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Gregory objects to Magistrate Judge Simko's recommendation that Gregory's petition for relief be construed as a second or successive § 2254 petition rather than a Rule 60(b) motion. Gregory asserts that his petition should be construed as a Rule 60(b) motion because he is challenging the integrity of the state court proceedings. First, Gregory asserts that the sentencing judge improperly took judicial notice of transcripts from proceedings which he did not officiate, thus violating SDCL 15-6-63. Docket 7 at 2. Second, Gregory argues that both his trial counsel and his state habeas counsel provided ineffective assistance. Docket 7 at 3. Third, Gregory asserts the Supreme Court of South Dakota issued a new rule of constitutional law that, when retroactively applied to Gregory's case, establishes that Gregory was convicted on insufficient information. Docket 7 at 3. Finally, Gregory contends that the state proceedings were defective because the trial court failed to

adequately advise him prior to sentencing. Docket 7 at 4. Based on these contentions, Gregory believes the court should construe his petition as a Rule 60(b) motion and grant him relief from his conviction.

Having reviewed de novo the issues raised by Gregory's objections, the court adopts the magistrate judge's recommendation. As noted by the magistrate judge, a Rule 60(b) motion will be construed as a second or successive habeas petition "where the Rule 60(b) motion seeks to challenge the underlying state conviction." *Thompson v. Wydner*, 2008 WL 336311, at *4 (E.D. Pa. Feb. 1, 2008). To avoid being construed as a second or successive habeas petition, a Rule 60(b) motion must "not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

In his objections to Magistrate Judge Simko's report and recommendation, Gregory states that his petition is properly construed as a Rule 60(b) motion because the petition is "about the integrity of the proceedings." Docket 7 at 1. Gregory is likely responding to the portion of the magistrate judge's findings which indicates that a Rule 60(b) motion attacking the integrity of the federal habeas proceedings will not be construed as a habeas petition. This rule, however, does not work to Gregory's advantage. Gregory's petition attacks the integrity of his state court proceedings—specifically the conduct of the sentencing judge, the evidence against him, and the effectiveness of counsel—and thus represents a challenge to his underlying state conviction. In the absence of permission from the Eighth Circuit Court of Appeals to file a

second or subsequent writ of habeas corpus, this court is without jurisdiction to consider Gregory's petition for relief. It is therefore

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 6) is adopted. The court rejects Gregory's objections to Magistrate Judge Simko's report and recommendation (Docket 7), denies Gregory's motion to change case type (Docket 5), and denies Gregory's § 2254 application for relief (Docket 1).

IT IS FURTHER ORDERED that Gregory's motion for leave to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that Gregory's motion to appoint counsel (Docket 3) is denied as moot.

Dated December 30, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE