UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GARLAND RAY GREGORY, JR., | ) | Civ. 13-4069-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING CERTIFICATE |
| vs. | ) | OF APPEALABILITY, GRANTING |
| | ) | LEAVE TO PROCEED IN FORMA |
| DARIN YOUNG, Warden; and | ) | PAUPERIS ON APPEAL, AND |
| ATTORNEY GENERAL OF THE | ) | DENYING MOTION TO |
| STATE OF SOUTH DAKOTA, | ) | APPOINT COUNSEL |
| | ) | |
| Respondents. | ) | |

Petitioner, Garland Ray Gregory, Jr., filed a pro se motion for relief pursuant to Fed. R. Civ. P. 60(b) on June 25, 2013. Docket 1. That same day, the Clerk of Court wrote Gregory a letter indicating that his motion would be construed as a petition for relief under 28 U.S.C. § 2254. Docket 4. Gregory promptly notified the court that he did not wish to proceed with a habeas petition. Docket 5. Gregory's petition was then referred to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Gregory's case.

On July 8, 2013, Magistrate Judge Simko recommended that the court deny Gregory's motion to change case type (Docket 5) and deny Gregory's § 2254 petition because it represented a second or successive § 2254 petition, which Gregory had not received permission to file. Docket 6. After considering Gregory's objections (Docket 7), the court adopted Magistrate Judge Simko's Report and Recommendation and denied Gregory's § 2254 petition (Docket 8).

Gregory now requests a certificate of appealability (Docket 10) and moves to proceed in forma pauperis on appeal (Docket 12).

## I. The court denies Gregory's request for a certificate of appealability.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c), which reads as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> . . .
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a substantial showing of the denial of a constitutional right, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Notably, however, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

2

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* "In such a circumstance, no appeal would be warranted." *Id.*

In the instant case, the court dismissed Gregory's § 2254 petition as a second or successive § 2254 petition. Because Gregory had not received permission from the Eighth Circuit Court of Appeals to file a successive § 2254 petition, the district court was without jurisdiction to consider the matters presented within the petition. The court therefore finds that since a plain procedural bar is present, no reasonable jurist could conclude either that the court erred in dismissing the petition or that Gregory should be allowed to proceed further. Accordingly, the court denies Gregory's request for a certificate of appealability.

## II. The court grants Gregory's motion for leave to proceed in forma pauperis on appeal.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Nonetheless, the Eighth Circuit has held that the filing-fee provisions of the PLRA do not apply to habeas corpus actions. *Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001). Therefore, to determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full

filing fee, and (2) whether the petitioner's appeal is taken in "good faith."[1] 28 U.S.C. § 1915(a)(1), (3).

In the instant case, Gregory has provided the court with a report of his prisoner trust account, which reflects average monthly deposits of $85.46 and an average monthly balance of $163.74. Docket 13. Based on Gregory's financial information and concluding that his appeal is taken in good faith, the court finds that Gregory is entitled to proceed in forma pauperis on appeal. Accordingly, it is

ORDERED that Gregory's motion for certificate of appealability (Docket 10) is denied.

IT IS FURTHER ORDERED that Gregory's motion for leave to proceed in forma pauperis on appeal (Docket 12) is granted. The $455 appellate filing fee is waived.

IT IS FURTHER ORDERED that Gregory's motion to appoint counsel (Docket 11) is denied as moot because the Eighth Circuit Court of Appeals will rule on that motion.

Dated February 25, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] "To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided are factually or legally frivolous." *Zuniga-Hernandez v. Reese*, No. Civ. 02-718, 2003 WL 23746157, at *1 (D. Minn. Jan. 14, 2003) (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)).